# Burns *v.* Armstrong, Appellant.

*Practice, C. P.—Affidavit of defense—Amended statement.*

1. Where after a rule for judgment for want of a sufficient affidavit of defense has been discharged, the plaintiff files an amended statement to which the defendant voluntarily files an affidavit of defense, and a second rule for judgment is taken, the defendant will not be heard to say that the court has no power to entertain the second rule.

*Promissory notes—Suit against indorser—Protest—Notice of protest—Affidavit of defense.*

2. In an action by the last indorser against a prior indorser on a promissory note, an affidavit of defense is insufficient, where the defendant does not deny the making and indorsing of the note in suit, denies that the copy attached is a correct copy, but does not show in what respect it is incorrect, does not deny that the plaintiff is the holder of the note in suit; does not deny that the note at maturity, was presented at the place named in the note for payment, and that payment was refused; does not deny that the note was protested; and does not deny that he received notice of dishonor, but merely avers that the notice was not sent by the plaintiff.

Argued Oct. 19, 1908. Appeals, Nos. 47, 48, 49 and 50, by defendants, from orders of C. P. No. 4, Allegheny Co., Jan. T., 1908, Nos. 252, 253, 254 and 255, making absolute rules for judgments in cases of T. Burns *v.* John H. Armstrong, A. I. Cooke, C. A. Muehlbronner and Thomas McGovern. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit upon a promissory note.

Rules for judgments for want of sufficient affidavits of defense. SWEARINGEN, P. J., filed the following opinion:

In this case, after an affidavit of defense was filed, a rule for judgment was taken, which, upon argument, without objection of plaintiff's counsel, was discharged. Thereupon the plaintiff, by leave of court, filed an amended statement of demand. In this amended statement, the plaintiff declared upon

a promissory note, of which a copy was attached, marked " A."
The following is a copy of the note:

　　　　　　　　　　　" PITTSBURG, PA., May 1st, 1907.
" $6,000.00.

　"Four months after date I promise to pay to the order
of James E. Glass, Six Thousand Dollars, at the Treasury
Trust Company, Pittsburg, Pa., without defalcation, for value
received.

　　　　　　　　　　　　　　　" JAMES E. GLASS.

" Indorsed:—

　　　　　　　　　" JAMES E. GLASS,
　　　　　　　　　" A. I. COOKE,
　　　　　　　　　" CHAS. H. MUEHLBRONNER,
　　　　　　　　　" THOS. McGOVERN,
　　　　　　　　　" EDWARD SCHENK,
　　　　　　　　　" JNO. H. ARMSTRONG,
　　　　　　　　　" T. BURNS."

　The plaintiff averred that, prior to May 1, 1907, he became
the holder in due course of a certain promissory note, of which
one James E. Glass was maker, and the defendant, among
others, indorser; that, being such holder, he had said note
discounted at the Lincoln National Bank of Pittsburg; that,
upon maturity thereof, the aforesaid note, now marked " A,"
was made and indorsed as aforesaid and delivered to the
Lincoln National Bank in payment of said note previously
discounted by it; that, upon maturity of said note, now marked
" A," payment thereof was refused, and it was protested, no-
tice of which was given to the defendant and to the other in-
dorsers and to the maker; that plaintiff has been obliged to
pay and lift said note, which he now holds.

　To this amended statement of demand the defendant filed
what he called a protest, in which he denied the right of the
plaintiff to require him to file an affidavit of defense to said
amended statement; and then the defendant filed an affidavit
of defense to said amended statement of demand.

　In the latter affidavit, the defendant " on information re-
ceived" denies that the Lincoln National Bank discounted

the note executed prior to May 1, 1907; but the defendant does not allege that he believes such information, and that he expects to prove it. He denies that the note in suit was delivered to said bank in payment of the prior note. He, "on information received," denies that exhibit "A" is a true and correct copy of the note, upon which suit is brought; but he does not state wherein said copy is incorrect, nor that he believes the information, and expects to prove it. He, "on information received," denies that the plaintiff had the note in suit protested; and he denies that the plaintiff, as junior indorser, gave notice of protest or dishonor to defendant. But the defendant does not deny that notice of protest was sent to him and to the other indorsers.

Thereupon the plaintiff entered a second rule for judgment for want of a sufficient affidavit of defense. The defendant now takes the position, that the court has no power to entertain the second rule. But we cannot agree with him. The purpose of the practice is to avoid delay, by having the court, upon a rule, determine, what it must determine upon trial, whether or not, assuming all that is alleged in the defense as true, the plaintiff is entitled to binding instructions. The reason for the practice applies to a case where an amended statement is filed and an affidavit of defense thereto is filed, equally as strong as it does in the first instance. It will be observed that the defendant voluntarily filed his affidavit of defense to the amended statement. There is no question here as to the right of the plaintiff to compel the defendant to file such an affidavit of defense. He has filed it. But we think the point is decided in the case of Cook v. Forker, 193 Pa. 461.

The defendant has not denied the making and indorsing of the note in suit, and he has not sufficiently denied the copy attached; he has not demanded inspection of the original. The defendant has not denied that the plaintiff is the holder of the note in suit. He has not denied that said note, at maturity, was presented at the place named in the note for payment, and that payment was refused. He has not denied that said note was protested. He does say that the plaintiff gave him no notice of dishonor. But this is immaterial. It was the

duty of the Lincoln National Bank to protest the note, upon nonpayment, and to give the notice. There is no averment that said bank did not do so; and there is no averment that notice of dishonor was not sent to the defendant: Odd Fellows' Savings Bank v. Miller, 179 Pa. 412.

The defendant indorsed this note, gave the credit of his name to all subsequent indorsers, and he cannot avoid liability by proving the allegations in this affidavit of defense.

The rule for judgment is made absolute.

*Errors assigned* were the orders of the court making absolute rules for judgments for want of sufficient affidavits of defense.

*T. L. Gartner*, for appellants.—Plaintiff had no right to demand a second affidavit: Webster v. Coal & Coke Co., 201 Pa. 278; Anderson v. Nichols, 29 P. L. J. (O. S.) 231; Com. v. McCutcheon, 4 Pa. C. C. Rep. 309.

The affidavit of defense was sufficient: Kirkpatrick v. Muirhead, 16 Pa. 117; Penna. Iron Works Co. v. Greger, 19 Montg. 110; McConeghy v. Kirk, 68 Pa. 200; McPherson v. Allegheny Nat. Bank, 96 Pa. 135.

*C. C. Dickey*, with him *Robert T. McElroy* and *Arthur D. Harnden*, for appellee.—Where a defendant, not bound to file an affidavit of defense, does so, he thereby waives his right to refuse to file the affidavit and must rest upon his affidavit: Newbold v. Pennock, 154 Pa. 591; Louchheim v. Maguire, 6 Pa. Superior Ct. 635.

The allegation in the supplemental affidavit of defense that defendant "on information received denies that 'Exhibit A,' of plaintiff's statement is a true and correct copy of the note with indorsements sued on," is evasive, and goes for naught, in the absence of any demand for inspection of the original: Woods v. Watkins, 40 Pa. 458; Allen v. National Bank of Germantown, 10 W. N. C. 188; 1 Tr. & H. Pr., sec. 415.

The defendant must allege that no notice of dishonor was sent to him: Odd Fellows' Savings Bank v. Miller, 179 Pa. 412; McConeghy v. Kirk, 68 Pa. 200.

PER CURIAM, January 4, 1909:

The judgments are affirmed on the opinion of the court below.